CLARK, APPELLANT, *v.* .BOARD OF COMMISSIONERS OF SILVER BOW COUNTY, RESPONDENT.

[Submitted October 24, 1895.  Decided November 4, 1895.]

CONSTITUTIONAL LAW—*Officers—Reduction of salary.*—Under section 5 of the Schedule to the Constitution, providing that clerks of district courts, until otherwise provided by law, shall be entitled to the same fees as now provided by law for clerks of the district courts of the territory, the legislature has power to reduce the salary of a clerk of the district court elected at the time of the admission of the state, from that allowed by the territorial law. (*Lloyd* v. *Commissioners of Silver Bow County*, 11 Mont. 408, followed.)

*Appeal from Second Judicial District, Silver Bow County.*

ACTION to determine the constitutionality of the act of March 6, 1891. The case was tried before McHATTON, J., on an agreed statement of facts. Defendant had judgment below. Affirmed.

Statement of the case by the justice delivering the opinion.

The case was tried in the court below on an agreed statement of facts.

The plaintiff was elected clerk of the district court in and for Silver Bow county upon the admission of the state into the union, and at the time of the institution of this suit was holding said office under said election, and was entitled to such fees and compensation as such clerk as were prescribed by law at the time of his election. On the 6th day of March, 1891, and during the term of office of said plaintiff, and after his election and qualification, the legislative assembly of the state enacted a statute entitled "An act concerning compensation of county, district and township officers," which act fixed the compensation of the clerk of said district court at the sum of three thousand dollars per annum, which was a reduction in the compensation of said clerk from that allowed by the law in existence at the time of his election and qualification.

The question submitted to the court below was as to whether the act of March 6, 1891, was constitutional as to the office of clerk of the district court, held by the plaintiff at the time of its enactment. The court held the law in question to be constitutional, dismissed the case, and entered judgment against the plaintiff for costs. From this judgment the plaintiff appeals.

*Forbis & Forbis*, for Appellant.

*Henri J. Haskell*, Attorney General, for Respondent.

PEMBERTON, C. J.—The constitutionality of the law in question, in so far as it was applicable to sheriffs elected at the same time the plaintiff in this suit was elected, was determined by this court in *Lloyd* v. *Silver Bow Co.*, 11 Mont. 408, in which case the constitutionality of the law was sustained. In that case it was contended that the law in question was violative of, and contravened article V, § 31, of the constitution.

The plaintiff in the case at bar contends that *Lloyd* v. *Silver*

*Bow Co.* is not decisive of this case, claiming that the act in question is in violation of section 5, of the Schedule, which it is urged is specially applicable to clerks of the district court elected at the time this plaintiff was elected.

Section 5 of the Schedule is as follows:    ''Clerks of district courts, until otherwise provided by law, shall each perform the duties and be entitled to the same fees as now provided by law for clerks of the district courts of the territory, and until otherwise provided by law shall also perform the services and be entitled to fees therefor that are now provided for clerks of probate court.''

This section provides that clerks of the district courts of the state elected when plaintiff was shall be entitled to such fees as clerks of the district courts of the territory were entitled to under the laws then in force, until otherwise provided by law. This section clearly gives the power to the legislature to change or fix the fees or compensation of such clerks. There is no restriction as to when the legislature may do so. It is evident that the legislature may do so whenever in its wisdom it sees fit, whether during the term of office to which the clerk has been elected or afterwards.

We think the most that can be claimed under this section by the plaintiff is that he was entitled to collect and receive such fees as were provided by law as the fees of clerks of district courts of the territory, until the legislature provided other fees and compensation for clerks of the district courts of the state.    The rule governing constitutional and statutory construction in such cases is fully discussed and clearly announced by this court in the Lloyd case, above referred to, and we do not think it would be profitable to treat the matter further in this case.

We think the judgment should be affirmed, and it is so ordered.

*Affirmed.*

DE WITT and HUNT, JJ., concur.